Deputy Attorney General Jacobson should submit an appropriate order.

JOHNNIE R. HARRISON, PLAINTIFF, v. MONTAMMY GOLF CLUB, ET AL., DEFENDANTS.

Superior Court of New Jersey
Law Division Bergen County

Decided March 2, 1988.

*Alan D. Bell,* for plaintiff.

*Paul Seligman,* for defendant Montammy Golf Club.

MINUSKIN, J.S.C.

The issue before this Court, on a motion for summary judgment by defendant Montammy Golf Club, is whether plaintiff, a caddy, was employed by defendant at the time of the accident so as to bar his negligence claim pursuant to *N.J.S.A.* 34:15-1 *et seq.,* the Workers Compensation Act.

The facts in this case are not in dispute. On September 7, 1985, plaintiff was employed as a caddy by Montammy Golf Club and while caddying on that date, he was struck by a golf ball in the face and sustained injuries. This suit was instituted for damages against Montammy.

Defendant asserts that plaintiff as an employee is barred from exercising a common law liability action in tort based on

the Workers Compensation Act. Plaintiff claims that while he worked on the course, he was employed by the golfer and not the club and was not barred from suing. Plaintiff relies on *Blessing v. T. Shriver & Co., Inc.,* 94 *N.J.Super.* 426 (App.Div. 1967) claiming that it supports a suit against an employer in tort which is not barred by Workers Compensation Act. This Court disagrees.

■■ The Court believes that the plaintiff's claim against defendant Montammy Golf Club is barred because of the Workers Compensation Act, relying on *Claremont Country Club v. Industrial Accident Comm'n of California,* 174 *Cal.* 395, 163 *P.* 209 (1917) and *Essex Country Club v. Chapman,* 113 *N.J.L.* 182 (Sup.Ct.1934). In both those cases it was determined that in a factual situation similar to the instant case, that the caddy is an employee of the club. In *Claremont* the caddy was injured when he leaned against a railing. The Court dismissed the claim against the club and stated that although a caddy had "no means of knowing what particular orders or directions a member may give to his caddy, nor what unusual or dangerous duties he may call upon him to perform," a caddy is comparable to a waiter who also serves (many) patrons, yet remains an employee of the restaurant at all times. The Court added that "these caddies are employed by the club, and the service which they render simply happens from its nature to be directed to contribute to the convenience and pleasure of the individual members of the club." 163 *P.* at 210, 211.

Similarly, in *Chapman,* a caddy was also determined to be employed by the club and, citing the *Claremont* case, held that "[i]t would appear upon reason that a caddy at a golf club, who is selected by a caddy master and is assigned to the various players by the caddy master, as here, even if paid by the players, is an employee of the club within the meaning of the Compensation act." 113 *N.J.L.* at 184.

These holdings are not inapposite to the *Blessing* case. That case holds and stands for the proposition that an employee may not sue his employer in common law tort where the employer is

liable to him in workers compensation. 94 *N.J.Super.* at 429–430. However, the case also holds that where there are two parties who may be considered employers and, upon an evaluation of the relationship with one of them, it appears that there is no general or special employment relationship, the injured employee has a right to sue that party in tort and is not barred from doing so because of the Workers Compensation Act. In *Blessing*, the Court found that the detective agency which originally hired plaintiff was his employer and permitted a suit in tort against the defendant foundry to which he was assigned because it was neither a general nor special employer. *Id.* at 438, 439.

Applying the aforementioned principles in the instant case, the plaintiff is a general employee of the golf club. He cannot, therefore, sue the club because of the Workers Compensation Act. However, he is neither a general nor special employee of the member of the club for whom he was working. Thus, he retains the right to sue that member if a cause of action exists.

Based upon the foregoing this Court determines that the plaintiff is barred and summary judgment should be granted.